UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLTON WALKER,

         Plaintiff,

  v.

HON. ANDREW M. CUOMO; et al,

         Defendants.

9:17-CV-0650
(TJM/DJS)

---

APPEARANCES:

CARLTON WALKER
85-A-1559
Plaintiff, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

In a Decision and Order filed July 6, 2017, this Court denied the application for leave to proceed with this action in forma pauperis filed by pro se plaintiff Carlton Walker pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g) ("Section 1915(g)"). Dkt. No. 4 ("July Order"). Plaintiff was afforded thirty (30) days in which to pay the statutory filing fee of four hundred dollars in full if he wished to avoid dismissal of this action. *Id*. at 8.

Plaintiff has not paid the filing fee. Plaintiff has filed a motion seeking reconsideration of the July Order. Dkt. No. 5.

## II.     DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.)). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *Maye v. New York*, No. 10-CV-1260 (GLS/DRH), 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (citation omitted).

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

By his motion, plaintiff seeks reconsideration of the Court's determination that he has at least three "strikes" for purposes of Section 1915(g) and, also, of the Court's finding that the "imminent danger" exception is not applicable here. *See* Dkt. No. 5. The Court has reviewed plaintiff's motion thoroughly and with due regard for his status as a pro se litigant.

### A.     Determination of "Strikes"

After review of plaintiff's litigation history, the Court identified seven actions and

2

appeals filed by plaintiff while incarcerated which were dismissed on the grounds that they were frivolous or malicious, or that they failed to state a claim upon which relief could be granted. July Order at 3-4.[1] The actions and appeals identified as "strikes" are as follows:

> Strike 1: *Heron, et al. v. US Dep't of Justice*, No. 6:90-CV-0374 (N.D.N.Y. Dec. 31, 1991) (Order granting defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6))[2]
>
> Strike 2: *Walker v. Coughlin*,[3] No. 1:92-CV-1529 (S.D.N.Y. Apr. 14, 1993) (Order granting defendants' motion to dismiss as time-barred and for failure to state a claim)
>
> Strike 3: *Walker v. Cuomo*, No. 7:93-CV-5223 (S.D.N.Y. July 28, 1993) (Order dismissing complaint pursuant to 28 U.S.C. § 1915(d))[4]
>
> Strike 4: *Walker v. Leahy*, No. 1:92-CV-5413 (E.D.N.Y. May 12, 1994) (Memorandum and Order granting defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and noting that further harassment of the court by plaintiff's frivolous filings "will not be tolerated")
>
> Strike 5: *Walker v. Kaye*, No. 1:05-CV-1884 (S.D.N.Y. Feb. 4, 2005) (Order dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii))
>
> Strike 6: *Walker v. Cuomo*, No. 1:12-CV-4512 (E.D.N.Y. Oct. 1, 2012) (Memorandum and Order dismissing amended complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim)
>
> Strike 7: *Walker v. Cuomo*, No. 12-4398 (2d Cir. Jan. 28, 2013) (Order dismissing appeal in *Walker v. Cuomo*, No. 1:12-CV-4512, "because it lacks an arguable basis in law or fact")

July Order at 3.

---

[1] The question of whether the dismissal of a prior action qualifies as a strike for purposes of section 1915(g) is a matter of statutory interpretation and, as such, a question for the court. *Tafari v. Hues*, 473 F.3d 440, 442-43 (2d Cir. 2007). Insofar as plaintiff objects to the Court's independent review of his litigation history in determining his eligibility for in forma pauperis status, *see* Dkt. No. 5 at 9-11, that argument lacks merit.

[2] Plaintiff was one of ten named plaintiffs in this action.

[3] The case was mistakenly identified in the July Order as *Walker v. Leahy*. July Order at 3.

[4] The PLRA amended and recodified Section 1915(d) as Section 1915(e)(2).

3

Plaintiff contends that cases "filed and decided long before there was such thing as a 'three strike', which would have served to give plaintiff a warning," may not be designated as "strikes" for purposes of Section 1915(g). Dkt. No. 5 at 12. The Second Circuit held to the contrary in *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000) (per curiam), stating: "We agree with our sister circuits' analyses and, accordingly, join those circuits in holding that pre-§ 1915(g) dismissals for frivolousness, maliciousness, or failure to state a claim count as 'strikes' for purposes of § 1915(g)." *Id*. at 132; *see also Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000) ("we join the eight other circuits that have considered the question and concluded that cases dismissed prior to the effective date of the PLRA count as 'strikes' under § 1915(g)"). As a result, plaintiff's objection to the designation of four cases filed prior to the effective date of Section 1915(g) (Strikes 1-4) as "strikes," *see* Dkt. No. 5 at 12-13, lacks merit and affords no basis for reconsideration of the July Order.

Plaintiff objects to the Court's determination that the dismissals in three of his cases (Strikes 2, 3, 5) were "strikes," stating that he has "no recollection of those cases." Dkt. No. 5 at 13. While plaintiff's lack of recall with respect to the nature of these actions or the disposition thereof affords no basis for reconsideration of the July Order, the Court has nevertheless reviewed the dockets for these actions and finds that they were dismissed on grounds which constitute "strikes" for purposes of Section 1915(g).

Plaintiff objects generally to the designation of his prior cases and appeals as strikes because he believes that they were wrongly decided. Dkt. No. 5 at 13-17.[5] However,

---

[5] Despite his lack of memory of three of these cases (Strikes 2, 3, 5), plaintiff contends that the Southern District of New York lacked subject jurisdiction over these actions. Dkt. No. 5 at 13. Plaintiff further argues that the Second Circuit's decision in *Newton v. City of New York*, 779 F.3d 140 (2d Cir. 2015) (finding that city's inadequate evidence management systems deprived exonerated plaintiff of his right to due process)

(continued...)

Section 1915(g) does not direct courts to review the merits of a prior dismissal, to ask whether the case would have been addressed by them in a different manner, or whether subsequent case law might lead to a different result were the case to be filed today. Rather, "all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438-39 (D.C. Cir. 2007) ("Finally, it bears repeating that IFP motions present no occasion for relitigating final judgments."); *see also Jones v. Moorjani*, No. 13 CIV. 2247, 2013 WL 6569703, at *8 n.16 (S.D.N.Y. Dec. 13, 2013), report and recommendation adopted, No. 13 CIV. 2247, 2014 WL 351628 (S.D.N.Y. Jan. 31, 2014) (citing *Thompson*).

Plaintiff objects to the designation of *Walker v. Cuomo*, No. 1:12-CV-4512 (E.D.N.Y. Oct. 1, 2012) (Strike 6) as a strike, because he paid the filing fee for that action. Dkt. No. 5 at 17-18.[6] While the Second Circuit has not directly addressed this issue, five other courts of appeals have determined that a prisoner may accrue strikes for purposes of Section 1915(g) in past actions regardless of whether he proceeded in forma pauperis or prepaid the filing fee. *See Belanus v. Clark*, 796 F.3d 1021, 1028-30 (9th Cir. 2015); *Byrd v. Shannon*, 715 F.3d 117, 123 (3d Cir. 2013); *Burghart v. Corr. Corp. of Am.*, 350 Fed. App'x 278, 279 (10th

---

[5](...continued)
"invalidates" the dismissals of his prior actions. *See id.* at 14-16.

[6] Although plaintiff contends that he also paid the Second Circuit's filing fee in connection with his appeal in *Walker v. Cuomo*, No. 12-4398, the docket sheet does not so indicate. Moreover, the Second Circuit disposed of the appeal as follows:

> Appellant, pro se, moves for leave to proceed in forma pauperis. Upon due consideration, it is hereby ORDERED that the motion is DENIED and the appeal is DISMISSED because it lacks an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact).

*Id.*, Dkt. No. 48 (Order dated Jan. 28, 2013 issued as a Mandate on Apr. 26, 2013).

Cir. 2009); *Hyland v. Clinton*, 3 Fed. App'x 478, 479 (6th Cir. 2001); *Duvall v. Miller*, 122 F.3d 489, 490 (7th Cir. 1997). As plaintiff correctly notes in his motion, at least one court in the Southern District of New York has concluded that "strikes may not be assigned under § 1915(g) in actions where the prisoner fully prepaid the filing fee." *Jones v. Moorjani*, No. 13 CIV. 2247, 2013 WL 6569703, at *8 (S.D.N.Y. Dec. 13, 2013), report and recommendation adopted, No. 13 CIV. 2247, 2014 WL 351628 (S.D.N.Y. Jan. 31, 2014). Here, because it is clear that plaintiff earned at least six other "strikes" prior to commencing this action, the Court need not decide whether *Walker v. Cuomo* (Strike 6) was properly designated a "strike" in the July Order.

As a result, plaintiff's motion for reconsideration of the Court's determination that he had acquired at least three "strikes" when he filed this action is denied.

### B. The "Imminent Danger" Exception

Plaintiff also seeks reconsideration of the July Order insofar as the Court concluded that the "imminent danger" exception contained in the final phrase of Section 1915(g) is not applicable in this action. *See* Dkt. No. 5 at 1-9. The crux of plaintiff's argument is that "[t]he continuous imprisonment of the plaintiff in the Bare Hill Correctional Facility, while overwhelming facts and documentary evidence establishing his innocence, which have never been opposed, contradicted or refuted, constitute[s] cruel and unusual punishment." Dkt. No. 5 at 2. Plaintiff contends that he was wrongfully convicted and maintains that the named defendants (New York Governor Cuomo and six justices of the New York Court of Appeals) have improperly refused to "provide a forum for the vindication of the plaintiff's rights violated by State and local officials acting under color of State law." *Id*. Plaintiff maintains that these allegations are sufficient to make the required showing of "imminent danger." *Id*.

As discussed in the July Order, the "imminent danger" exception to the "three strikes" rule of Section 1915(g) operates as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding in forma pauperis. *See* July Order at 4 (citing cases). Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010).

Here, plaintiff claims that he is innocent of the crimes of which he was convicted and complains that he has not been afforded a full and fair opportunity to establish his innocence and to secure his release. *See* July Order at 5; Compl. at 1-3. Upon review, and even assuming that plaintiff's claims have merit (and the Court makes no such finding), the complaint affords no basis upon which the Court could conclude that the actions or inactions of the named defendants placed plaintiff in "imminent danger of serious physical injury" for purposes of Section 1915(g).

Based upon the foregoing, this aspect of plaintiff's motion for reconsideration of the July Order is denied.

Plaintiff is hereby afforded a final opportunity to pay the $400.00 filing fee in full if he wishes to proceed with this action. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("Section 1915(g) does not prevent a prisoner with 'three strikes' from filing a civil action; he or she is simply unable to enjoy the benefits of proceeding [in forma pauperis] and must pay the fees at the time of filing instead of under the installment plan."); *see also Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (per curiam). Plaintiff is advised that his failure to pay the filing fee for this action in full within thirty days from the filing date of this Decision and Order will result in the dismissal of this action, without prejudice, without further

7

Order of this Court.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's motion for reconsideration of the July Order (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that plaintiff is afforded a **final opportunity** to pay the filing fee of four hundred dollars ($400.00) in full if he wishes to avoid dismissal of this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk shall return the file to this Court for review of the complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if plaintiff fails to pay the filing fee in full within **thirty (30) days** of the filing date of this Decision and Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: August 11 , 2017

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge