UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLTON WALKER,

          Plaintiff,       9:17-CV-0650
                        (TJM/DJS)
  v.

HON. ANDREW M. CUOMO, *Governor of New York State*, et al.,

          Defendants.

---

APPEARANCES:

CARLTON WALKER
Plaintiff, pro se
85-A-1559
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

Currently pending before the Court is pro se plaintiff Carlton Walker's motion for recusal. Dkt. No. 44 ("Recusal Mtn."). For the reasons set forth below, the motion is denied.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Under Section 144, a judge may be required to recuse himself based on "personal bias or prejudice against [a party] or in favor of any adverse party." 28 U.S.C. § 144. Generally, Section 455 warrants recusal "in any proceeding in which [a judge's] impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or where a judge has "a personal bias or

prejudice concerning a party," 28 U.S.C. § 455(b)(1). Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes. *Jemzura v. Publ. Serv. Comm'n*, 961 F. Supp. 406, 410 (N.D.N.Y. 1997) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

A party may request that a judge be recused from a case and another substituted in his stead by filing an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists[.]" 28 U.S.C. § 144. Whether an appearance of impartiality exists is an objective question "based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). The Supreme Court has emphasized that, where grounds for recusal are comprised of "judicial rulings [and] routine trial administration efforts," recusal is not warranted absent proof that those rulings either rely upon knowledge acquired outside such proceedings or "display deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994); *see also Kampfer v. Gokey*, 955 F. Supp. 167, 170 (N.D.N.Y. 1997). Recognizing the importance of considerations such as "the cost in judicial resources of recusal and reassignment of the case to different judges, and the interest of the parties and the public in a swift resolution of [a] dispute," the Second Circuit has cautioned that "'[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.'" *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).

In his support of his motion, plaintiff asks this Court to consider recusal because the

2

"only logical conclusion" for the Court denying his two IFP applications in this action[1] is "either a bias or personal prejudice against [him]." Recusal Mtn. at 7. More specifically, plaintiff contends that the Court has failed to explain to him why he is not in compliance with the IFP requirements and that such failure can only be attributed to bias or prejudice against him. *Id.* at 7-8. There are no other allegations in plaintiff's affidavit supporting his belief that the Court is bias against plaintiff or that there is any other basis for recusal. Indeed, plaintiff has not presented any objectively reliable facts that even suggest that this Court has not been impartial. Without more, plaintiff's motion is without merit. *See, e.g., Kampfer*, 955 F. Supp. at 170 (denying motion for recusal because the "[p]laintiffs have made conclusory claims of bias without adequate supporting factual allegations"). This Court has no personal bias towards plaintiff or interest in this litigation. Although plaintiff clearly disagrees with this Court's rulings on his requests for IFP status in this action, that disapproval alone does not "constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Accordingly, the request for recusal is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion requesting that I recuse myself and that this action be assigned to a different judicial officer (Dkt. No. 44) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

---

[1] The Court denied plaintiff's original IFP application in a Decision and Order dated July 6, 2017. Dkt. No. 4. That Decision and Order was affirmed by the Second Circuit Court of Appeals on September 17, 2018. Dkt. No. 32. This Court also denied plaintiff's renewed IFP application in a Decision and Order dated November 20, 2018. Dkt. No. 46. Plaintiff filed a notice of appeal of that Decision and Order to the Second Circuit on December 3, 2018. Dkt. No. 48.

**IT IS SO ORDERED.**

Dated: December 6, 2018
       Binghamton, New York

_____
Thomas J. McAvoy
Senior, U.S. District Judge